UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    RAYMOND A. TOWNSEND,

                  Debtor.
-----------------------------------------------------------------X

GERALYN GANCI,

                  Plaintiff,

    -against-

RAYMOND A. TOWNSEND,

                  Defendant.
-----------------------------------------------------------------X

Case No.: 1-15-43411-cec

Chapter 7

Adversary Proceeding No.:

**COMPLAINT**

Plaintiff GERALYN GANCI ("Judgment Creditor"), by her attorneys, Stagg, Terenzi, Confusione & Wabnik, LLP, as and for her complaint against defendant, RAYMOND A. TOWNSEND ("Debtor"), respectfully alleges as follows:

**Parties**

1. At all times hereinafter mentioned, Judgment Creditor was and is an individual residing in the State of New York. Judgment Creditor is a creditor of Debtor and holds a claim in the amount of $466,480.00.

2. Upon information and belief, at all times hereinafter mentioned, Debtor is an individual residing in the State of New York.

1

**Jurisdiction and Venue**

3. On July 27, 2015, Debtor filed a voluntary petition under Chapter 7, Title 11 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York, bearing Case No. 1-15-43411-cec.

4. Judgment Creditor commences this adversary proceeding seeking an order and judgment pursuant to Sections 523(a)(6), and Rules 4004, 4007, 7001(4) and 7001(6) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (a) declaring that Judgment Creditor's claim is not dischargeable; and (b) granting Judgment Creditor such other and further relief as the Court deems just and proper.

5. This Court has jurisdiction of this proceeding which arises under the Bankruptcy Code, pursuant to 28 U.S.C. §§ 151, 157(a), 157(b)(1) and 1334.

6. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and 157(b)(2)(J). Consent is hereby given to the entry of a final judgment or a final order by the Bankruptcy Judge to whom this matter is assigned.

7. Venue is proper in this District by virtue of 28 U.S.C.1409(a), because this proceeding arises in and relates to a case under the Bankruptcy Code pending in this District.

**Background**

8. Debtor was Judgment Creditor's employment supervisor/manager at U.S. Limousine Service, Ltd. ("U.S. Limo")

9. Due to Debtor's willful and intentional misconduct, Judgment Creditor commenced an action against Debtor and U.S. Limo on July 1, 2010, entitled *Geralyn Ganci v. U.S. Limousine Service Ltd. and Raymond Townsend*, docket number 2:10-cv-03027-JFB-AKT, in the United States

District Court, Eastern District of New York, alleging, among other things, sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). A copy of the Summons and Complaint is annexed hereto as **Exhibit "A".**

10. Following a full trial, including testimony from Debtor himself, a jury found that Debtor was liable for harassment under Judgment Creditor's Title VII claim. A copy of the jury verdict sheet is annexed hereto as **Exhibit "B".**

11. Specifically, the jury found that the Judgment Creditor proved, by a preponderance of the evidence that:

   a. Debtor subjected Judgment Creditor to offensive acts or statements about sex;
   b. Judgment Creditor did not welcome the offensive acts or statements, meaning she did not invite or solicit them by her own acts or statements;
   c. The offensive acts were so severe or pervasive that they materially altered the terms and conditions of Judgment Creditor's employment;
   d. A reasonable person would have found that the offensive acts or statements materially altered the terms and conditions of Judgment Creditor's employment; and
   e. Judgment Creditor believed that the offensive acts or statements materially altered the terms and conditions of her employment, such that her work environment was hostile or abusive.

See **Exhibit "B".**

12. On April 8, 2015, a judgment was entered against Debtor and U.S. Limo in the amount of $620,646.66, plus $100,000 in punitive damages against U.S. Limo. A copy of the judgment is annexed as **Exhibit "C".**

13. Judgment Creditor received a partial payment in the amount of $250,000 from U.S. Limo on July 21, 2015 and a partial payment of $4,166.66 on September 16, 2015. However, the balance of the judgment remains unsatisfied.

14. Debtor filed a petition for voluntary bankruptcy under Chapter 7, Title 11 of United States Bankruptcy Code on July 27, 2015 (the "Petition Date").

## AS AND FOR A FIRST CLAIM
### (Declaration of Non-Dischargeability)

15. Judgment Creditor repeats and realleges the allegations contained in the preceding paragraphs as if more fully set forth herein.

16. The jury's determination, following a full trial, established as a matter of law that Debtor caused a willful and malicious injury to Judgment Creditor.

17. Section 523(a) of the Bankruptcy Code provides in a pertinent part:

> A discharge under Section 727… of this title does not discharge an individual debtor from any debt… (6) for willful and malicious injury by the debtor to another entity or to the property, of another entity.

18. Debtor's debt cannot be discharged because Judgment Creditor proved, by a preponderance of the evidence, that the debt resulted from a willful and malicious injury, because she established her underlying sexual harassment claim.[1]

19. There remains due and owing to Judgment Creditor the sum of $466,480.00.

20. By reason of the foregoing, Creditor's claim should be declared non- dischargeable under Section 523(a)(6) of the Bankruptcy Code.

## RELIEF SOUGHT

**WHEREFORE,** Judgment Creditor respectfully requests judgment against the Debtor, as follows:

---

[1] The compensatory and punitive damages awarded to Judgment Creditor against U.S. Limousine Service, Ltd. also directly resulted from Debtor's willful and malicious behavior. If not for Debtor's harassment, no liability would be imputed separately on U.S. Limousine Service, Ltd.

(1) declaring that Judgment Creditor's claim is not dischargeable pursuant to 11 U.S.C. 523(a)(6);

(2) denying Debtor's discharge pursuant to 11 U.S.C.523(a)(6) regarding the judgment entered against him on April 8, 2015;

(3) awarding Judgment Creditor the costs of this litigation; and

(4) granting Judgment Creditor such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
       September 17, 2015

Stagg, Terenzi, Confusione & Wabnik, LLP

/s/ Debra L. Wabnik_____
Debra L. Wabnik
Andrew Kazin
*Attorneys for Plaintiff*
*Geralyn Ganci*
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4500