# EXHIBIT A 1

RONALD A. LENOWITZ, ESQ.
(RL7171)
Attorney for Plaintiff
Office and P.O. Address
7600 Jericho Turnpike Suite 300
Woodbury, New York 11797
(516)-364-3080

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
GERALYN GANCI,

                                    Plaintiff              Index No.

           -against-                                **COMPLAINT**

U.S. LIMOUSINE SERVICE LTD., and
RAYMOND TOWNSEND                          PLAINTIFF DEMANDS A
                                          TRIAL BY JURY:

                          Defendant(s)

-------------------------------------X

      Plaintiff, GERALYN GANCI, by her attorney, RONALD A.

LENOWITZ, ESQ., as and for her Complaint against the Defendant(s) U.S.

LIMOUSINE SERVICE, LTD., and RAYMOND TOWNSEND,  respectfully set forth

and allege the following upon information and belief:

### JURISDICTION

1.  This is an action commenced for damages brought pursuant to Title VII of the Civil

Rights Act of 1964 ("Title VII"), Section 703 et seq., thereat; 42 U.S.C. Section 2000e et

seq., and particularly 29 CFR Ch. XIV, Subdivision 1604.11 (a) et seq. the Fourteenth

Amendment to  the United States Constitution and related New York State state-law

based claims.

2. This Court has subject matter jurisdiction based upon Title VII and this Court may exercise such supplemental jurisdiction and pendant jurisdiction of all related New York State state-law based claims.

## CONDITIONS PRECEDENT TO SUIT

3. Plaintiff, GERALYN GANCI, has duly complied with all the prerequisites to an action under Title VII, having timely filed a charged for the sexual harassment alleged in this Complaint with the New York State Division of Human Rights.

4. Plaintiff has voluntarily discontinued her claims before the New York State Division of Human Rights and elects to proceed in this forum.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. That at all of the times hereinafter mentioned the Plaintiff, GERALYN GANCI, was, and still continues to be a resident of the County of Nassau, State of New York.

6. That at all of the times hereinafter mentioned the Defendant U.S. LIMOUSINE SERVICE, LTD., was a domestic corporation, duly organized and existing under and pursuant to the laws of the State of New York.

7. That at all of the times hereinafter mentioned the Defendant U.S. LIMOUSINE SERVICE, LTD., was a foreign corporation, duly authorized to transact business in the State of New York.

8. That at all of the times hereinafter mentioned the Defendant RAYMOND TOWNSEND was a resident of the County of Nassau and State of New York.

9. That at all of the times hereinafter mentioned the Defendant U.S. LIMOUSINE SERVICE, LTD. owned and operated a limousine service business at 1827 Gilford Avenue, New Hyde Park, New York 11040.

10. That at all of the times hereinafter mentioned the Plaintiff, GERALYN GANCI, was

an employee of the Defendant, U.S. LIMOUSINE SERVICE, LTD., and all of the acts

and events hereinafter set forth occurred while the Plaintiff was so employed.

11. That all of the times hereinafter mentioned the Defendant RAYMOND

TOWNSEND was the Plaintiff's employment supervisor/manager.

12  That at all of the times hereinafter mentioned the Plaintiff, GERALYN GANCI was

employed as a "Dispatcher"

### AS AND FOR A FIRST CAUSE OF ACTION
### SEXUAL HARASSMENT

13. That heretofore and for a period of more than one year prior to Saturday, February

21, 2009 the Defendant RAYMOND TOWNSEND sent unwanted  and unwelcomed text

messages and voicemail messages to Plaintiff, in addition to calling Plaintiff at all hours

of the day and night, during the workday and after the work day to convey disgusting,

sexually suggestive, erotic and vile messages of a sexual nature in an attempt to compel

the Plaintiff to have sexual relations with him

22. That these text, and telephone voice mail messages persisted for more than one year

during Plaintiff's employment with the Defendant U.S. LIMOUSINE SERVICE, LTD.,

and while the Defendant RAYMOND TOWNSEND was Plaintiff's immediate

supervisor/manager in the Defendants' Limousine business.

23. That despite Plaintiff's repeated rejections of any sexual relations to RAYMOND

TOWNSEND, and despite Plainitff's repeated efforts to stop him from continuing these

messages and phonecalls the messages and phonecalls persisted.

24. That without reciting a complete chronological history of these unwanted and unwelcomed text and voicemail messages from the Defendant Plaintiff submits that these messages consisted of the following tone and content;

(a) That I should not reject the Defendant's Sexual Advances otherwise my job will be in jeopardy;

(b) That the Defendant transmitted a photograph of his "lap" indicating that this is what I do to him;

(c) That I should come to his home and have sex with him because his wife was away for the evening visiting her mother;

(d) That he was obsessed with my breasts and that I should sleep with him;

(e) That while he was driving home he had to pull his car to the side of the road and masturbate thinking about me;

25. That the tone and content of these voice-mails and text messages set forth herein at Paragraph "24" are simply some of the examples of the vile and disgusting messages and statements made to Plaintiff by the Defendant RAYMOND TOWNSEND while Plaintiff was employed by the Defendant, including continuous unwelcomed and unwanted "touching" and unwelcomed and unwanted comments in the workplace about Plaintiff's breasts in the presence of other employees.

26. That the above stated conduct continued without abatement, and despite Plaintiff's continuous rejection of the Defendant's advances during the period of her employment from 2006 up to and including February 21, 2009.

27. That during the course of Plaintiff's employment and by reason of these messages, comments, unwelcomed and unwanted "touching" and breast comments Plaintiff

preserved the messages depicting these explicit, vile, disgusting and humiliating statements and comments, along with the picture of the Defendant's "lap." (It was apparent that the Defendant was a attempting to show Plaintiff his private parts in such picture as some sick inducement for Plaintiff to have sexual relations with him).

28.  That notwithstanding Plaintiff's shame and humiliation stemming from the Defendant's persistent conduct Plaintiff was afraid to say anything to anyone at the office because the Defendant's wife, Nicole Townsend (and whose wedding to RAYMOND TOWNSEND Plaintiff attended) was employed there as well.

29.  Finally, by reason of the Defendant's constant sexual harassment as set forth above Plaintiff contacted  another employee of the Defendant U.S. LIMOUSINE SERVICE, LTD., named Robert Thatcher who was employed by the Company in Florida.  Plaintiff knew Robert Thatcher and told him about the conduct of the Defendant RAYMOND TOWNSEND and he indicated to Plaintiff that he would talk to the Defendant and thereafter advised Plaintiff that he did so.

30.  That despite Plaintiff's complaint to Robert Thatcher the Defendant RAYMOND TOWNSEND continued in his course of disgusting, vile and sexual statements, messages, phone calls and texts, all of which caused Plaintiff great pain and emotional distress and by reason of which Plaintiff was hospitalized.

31.  That while convalescing in the hospital the Defendant RAYMOND TOWNSEND actually called the hospital to speak to Plaintiff and notwithstanding that he knew Plaintiff was hospitalized for stress and anxiety he asked Plaintiff "how her breasts felt."

32.  That following Plaintiff's hospitalization at Winthrop Hospital Plaintiff returned to work at the Defendant facility, only to be faced with the continuous and obsessive sexual

advances by RAYMOND TOWNSEND, all of which Plaintiff rejected, and Plaintiff became further emotionally sick because the Defendant RAYMOND TOWNSEND was acting in such a vile and disgusting manner toward Plaintiff while his wife Nicole was working at the same facility.

33. Plaintiff became so emotionally upset about what was transpiring but was afraid to say anything to the Defendant's wife for fear of causing difficulties in their marriage and for fear of losing her position.

34. The sexual harassment culminated in an incident which occurred on Saturday, February 21, 2009 at the Defendant's facility. RAYMOND TOWNSEND asked Plaintiff to work that Saturday (ostensibly because his wife Nicole was not working that day) and because the Defendant was so busy and during the workday he grabbed Plaintiff and forced Plaintiff into the bathroom, putting his hand under Plaintiff's shirt and lifted up Plaintiff's shirt to kiss Plaintiff's breast. Despite Plaintiff's call for help, two other employees, "Frankie" and "Shaw" who were present refused to intervene to help Plaintiff because RAYMOND TOWNSEND was their boss as well so Plaintiff left the facility.

35. The very next day, February 22, 2009 the Defendant RAYMOND TOWNSEND told Plaintiff not to come to work any longer. Plaintiff's last day of work at the Defendant U.S. LIMOUSINE SERVICE, LTD., was February 21, 2009 and Plaintiff received her pay up to and including that date from the Defendant.

36. That thereafter and approximately two weeks following Plaintiff's discharge by RAYMOND TOWNSEND for rejecting his sexual advances, he sent Plaintiff a text message stating that "he will fire Kathy in the Wedding Department and offered Plaintiff her job" which Plaintiff verily believed was communicated to Plaintiff only by reason of

Defendant's guilt for his sexual assault and fear of the repercussions of his sexual assault on Plaintiff on February 21, 2009.

37. That Plaintiff has preserved these communications and they are available verbatim through Plaintiff's cell-phone service provider for scrutiny in this proceeding.

38. That Plaintiff's discharge from employment at the Defendant U.S. LIMOUSINE SERVICE, LTD. was predicated solely by reason of Plaintiff's refusal to have sex with RAYMOND TOWNSEND.

39. That Plaintiff even received another text message from RAYMOND TOWNSEND, which has been preserved stating that the reason Plaintiff was fired was because "I (she) refused to have sex with the General Manager."

40. That despite this message, the "General Manager" referred to was the self-same RAYMOND TOWNSEND.

41. That the Defendant, RAYMOND TOWNSEND has heretofore admitted the transmittal of the above mentioned vile, disgusting and sexually suggestive messages to the Plaintiff to the New York State Division of Human Rights and does not dispute the tone and/or content of the messages disseminated to the Plaintiff.

## AS AND FOR A SECOND CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiff, GERALYN GANCI repeats, reiterates and realleges each and every allegation of the Complaint set forth hereinabove at Paragraph(s) "1'" through "41," inclusive, with the same full force and effect as if more fully set forth herein at length.

43. That by virtue of all of the above acts and conduct of the Defendant(s), the Defendant(s) have willfully, maliciously and intentionally inflicted severe and serious

mental pain and anguish to the Plaintiff GERALYN GANCI, through and by reason of such sexual harassment and retaliation and by reason of such, this Plaintiff GERALYN GANCI has become sick, sore, lame and disabled and has been caused to seek protracted medical care, psychological intervention, psychiatric treatment and hospitalization all in an effort to ameliorate the symptoms and sequelae of her injuries.

44.    That such injuries and damages to the Plaintiff GERALYN GANCI were caused solely and wholly by reason of the Defendant(s) conduct and in retaliating against the Plaintiff for her refusal to have sexual relations with the Defendant RAYMOND TOWNSEND.

45.    That the Defendant(s) conduct, tone and persistent sexual harassment was a vicious and incomprehensible  means of intending to compel the Plaintiff to have sexual relations with Defendant RAYMOND TOWNSEND.

46.    That the Defendant(s) knew that such acts and conduct would cause severe and serious emotional distress and that such acts and conduct rose to a level that went beyond the bounds of decency in a civilized society.

47.    That by reason of the Defendant(s) acts and conduct aforementioned the Plaintiff, GERALYN GANCI has suffered a level of emotional and psychological distress that no such reasonable person could be expected to endure.

48.    That by reason of such acts and conduct constituting the intentional infliction of emotional distress to the Plaintiff by the Defendant(s), this Plaintiff GERALYN GANCI has suffered damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, together with pre-judgment interest from February 21, 2009.

### AS AND FOR A THIRD CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

49. Plaintiff, GERALYN GANCI, repeats, reiterates and realleges each and every allegation of the Complaint set forth hereinabove at Paragraph(s) "1," through "48," inclusive, with the same full force and effect as if more fully set forth herein at length.

50. That by virtue of the acts and conduct of the Defendant(s) the Defendant(s)' conduct was so atrocious and malicious that a reasonable person would have known that its effect was such to cause Plaintiff GERALYN GANCI extreme emotional distress.

51. The effect of such negligent behavior towards the Plaintiff, GERALYN GANCI, inflicted by the Defendant(s) through an intentional and persistent campaign of vile and disgusting comments and sexually suggestive messages, unwelcomed and unwanted touches, caused an end result that rose to a level that exceeded the bounds of decency in a civilized society and particularly in the Defendant(s)' workplace.

52. That the Defendant(s) acts and conduct rose to a level that no reasonable person could be expected to endure.

53. That the Defendant(s) knew that such acts and conduct would cause the extreme emotional distress to the Plaintiff herein complained of .

54. That by reason of the foregoing, Plaintiff GERALYN GANCI has suffered damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, together with pre-judgment interest from February 21, 2009.

### AS AND FOR A FOURTH CAUSE OF ACTION
### CREATION OF HOSTILE WORK ENVIRONMENT

55. Plaintiff, GERALYN GANCI, repeats, reiterates and realleges each and every allegation of the Complaint set forth hereinabove at Paragraph(s) "1," through "54," inclusive, with the same full force and effect as if more fully set forth herein at length.

56. That by reason of the acts and conduct of the Defendant(s), and by reason of such persistent sexual harassment of the Plaintiff GERALYN GANCI, the Defendant(s) created a hostile work environment.

57. That by reason of the acts and conduct of the Defendant(s) aforementioned, which are admitted by the Defendant RAYMOND TOWNSEND and are subject to visual and data inspection, the sexual harassment was so severe and pervasive as to alter the Plaintiff's work environment.

58. That by reason of the acts and conduct of the Defendant(s) aforementioned the Plaintiff was caused to suffer such panic attacks in the workplace that she had to be hospitalized.

59. That by reason of the acts and conduct of the Defendant(s) aforementioned and particularly the acts and conduct of the Defendant RAYMOND TOWNSEND, the Plaintiff's supervisor/manager, a specific basis existed for imputing that the conduct of the Defendant RAYMOND TOWNSEND created a hostile work environment.

60. That by reason of the foregoing, Plaintiff GERALYN GANCI has suffered damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, together with pre-judgment interest from February 21, 2009.

## AS AND FOR A FIFTH CAUSE OF ACTION
### RETALIATION

61. Plaintiff, GERALYN GANCI, repeats, reiterates and realleges each and every allegation of the Complaint set forth hereinabover at Paragraph(s) "1," through "60," inclusive, with the same fully force and effect as if more fully set forth herein at length.

62. That by virtue of the Plaintiff's rejection of the Defendant(s) unwanted, unwelcomed and unsolicited sexual advances, and by virtue of the Plaintiff's refusal to have sexual relations with the Defendant RAYMOND TOWNSEND, the Plaintiff was terminated from her position as a "Dispatcher" for the Defendant U.S. LIMOUSINE SERVICE, LTD.

63. That such termination was in direct retaliation for the Plaintiff's rejection of the Defendant's sexual harassment and Plaintiff's refusal to have sexual relations with the Defendant RAYMOND TOWNSEND, her supervisor/manager.

64. That by reason of such retaliation and termination of Plaintiff's employment Plaintiff was rendered emotionally distraught and mentally impaired, to such an extent under the circumstances that the Plaintiff came under the care and treatment of medical professionals and was hospitalized.

65. That by reason of the foregoing, caused solely and wholly by reason of the retaliation by the Defendant(s) the Plaintiff GERALYN GANCI has suffered damages in the amount of $5,000,000.00, together with pre-judgment interest from February 21, 2009.

### AS AND FOR A SIXTH CAUSE OF ACTION
### "RESPONDEAT SUPERIOR"

66. Plaintiff, GERALYN GANCI, repeats, reiterates and realleges each and every allegation of the Complaint set forth hereinabove at Paragraph(s) "1," through "65," with the same full force and effect as if more fully set forth herein at length.

67. That at all of the times hereinabove mentioned the Defendant(s), and particularly, RAYMOND TOWNSEND, Plaintiff's immediate supervisor/manager was acting for, upon and in furtherance of the business of U.S. LIMOUSINE SERVICE, LTD. and within the scope of his employment.

68. That at all of the times hereinabove mentioned the Defendant U.S. LIMOUSINE SERVICE LTD., was aware of the conduct of the Defendant RAYMOND TOWNSEND, and was familiar with his sexual propensities with Defendants' employee staff from prior occurrences of a similar nature.

69. That at all of the times hereinabove mentioned the Defendant U.S. LIMOUSINE SERVICE, LTD. its officers, stockholders and directors were aware of the conduct of the Defendant RAYMOND TOWNSEND.

70. That at all of the times hereinabove mentioned the Defendant U.S. LIMOUSINE SERVICE LTD., was responsible for the tortious actions and conduct of its employees.

71. That at all of the times hereinabove mentioned the Defendant U.S. LIMOUSINE SERVICE LTD., was liable for the tortious actions and conduct of its employees under the doctrine of *Respondeat Superior* in such cases made and provided.

### RELIEF SOUGHT

**WHEREFORE,** Plaintiff, GERALYN GANCI demands judgment against the Defendant(s), U.S. LIMOUSINE SERVICE, LTD., and RAYMOND TOWNSEND, jointly and severally as follows:

1) Money Damages in the amount of $5,000,000.00 on the FIRST CAUSE OF ACTION, together with pre-judgment interest from February 21, 2009;

2) Money Damages in the amount of $5,000,000.00 on the SECOND CAUSE OF

ACTION, together with pre-judgment interest from February 21, 2009;

3) Money Damages in the amount of $5,000,000.00 on the THIRD CAUSE OF

ACTION, together with pre-judgment interest from February 21, 2009;

4) Money Damages in the amount of $5,000,000.00 on the FOURTH CAUSE OF

ACTION, together with pre-judgment interest from February 21, 2009;

5) Money Damages in the amount of $5,000,000.00 on the FIFTH CAUSE OF

ACTION, together with pre-judgment interest from February 21, 2009;

6) Money Damages in the amount of $5,000,000.00 on the SIXTH CAUSE OF

ACTION, together with pre-judgment interest from February 21, 2009;

7) Punitive Damages as to be awarded by the trier of the facts;

8) Reasonable Counsel Fees and litigation expenses, together with such statutory

costs upon the entry of Judgment which may be applicable;

9) Such other and further relief as to which this Court may deem just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY

Dated:  Woodbury, New York
        June 30, 2010

RONALD A. LENOWITZ, ESQ.
(RL 7171)
Attorney for Plaintiff
Office and P.O. Address
7600 Jericho Turnpike Suite 300
Woodbury, New York 11797
(516)-364-3080
e-mail to: rlenolaw@yahoo.com

**THIS IS A CONSUMER CREDIT TRANSACTION**

DISTRICT COURT COUNTY OF NASSAU
FIRST DISTRICT : HEMPSTEAD PART



| | |
|---|---|
| **FIA CARD SERVICES, N.A.**<br><br>        **Plaintiff,**<br>    vs.<br>**GERALYN GANCI**<br>        **Defendant(s)** | **INDEX NO.** 26515-09<br><br>File Date: 7/1/09<br><br>Plaintiff designates NASSAU County as<br> the place of trial<br><br>Plaintiff's Address:<br>1825 E. BUCKEYE RD.<br>PHOENIX, AZ. 85034<br><br>**SUMMONS AND COMPLAINT**<br>Venue is based on defendant's residence. |

**TO THE ABOVE NAMED DEFENDANTS:**

YOU ARE HEREBY SUMMONED and required to appear in the District Court of the County of Nassau, First District Hempstead Part, at the office of the Clerk of the said Court at 99 Main St., Hempstead, New York, 11550, in the County of Nassau, State of New York, by serving an answer to the annexed Complaint upon Plaintiff's attorney, at the address stated below, or if there is no attorney, upon the Plaintiff, at the address stated above, within the time provided by law as noted below; upon your failure to answer, judgment will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Warwick, New York
        June 10, 2009
H0093840    45.00

Goldman, Warshaw & Parrella
- Goldman & Warshaw PC -
Attorneys for Plaintiff

By: _____
*Jeff Parrella, Esq.*
10 Oakland Ave, STE 2-4
P.O. Box 597
Warwick, NY 10990
(212) 573-6909

Defendant's address:
25 HOMESTEAD LN
LEVITTOWN NY 11756-3928

Note: The law provides that:

 (a) If this summons is served by its delivery to you personally, or an agent authorized to receive service, personally within the County of Nassau, you must answer within TWENTY (20) days after such service; or

 (b) If this summons is served otherwise than as designated in subdivision (a) above, you are allowed THIRTY (30) DAYS TO ANSWER AFTER THE PROOF OF SERVICE THEREOF IS FILED WITH THE CLERK OF THIS COURT.

 (c) You are required to file a copy of your answer together with proof of service with the clerk of the district in which the action is brought WITHIN TEN DAYS OF THE SERVICE OF THE ANSWER.

**DISTRICT COURT OF THE COUNTY OF NASSAU**
**FIRST DISTRICT : HEMPSTEAD PART**

| | |
|---|---|
| FIA CARD SERVICES, N.A. | INDEX NO. |
|      Plaintiff, | |
|   vs. | VERIFIED COMPLAINT |
| GERALYN GANCI | |
|      Defendant(s) | |

Plaintiff, by its attorneys Goldman, Warshaw & Parrella
- Goldman & Warshaw, PC - , complaining of the defendant(s), allege(s) as follows:

### AS FOR THE FIRST CAUSE OF ACTION

1. Upon information and belief, the defendant(s) reside in the county in which this action is brought;  or that the defendant(s) transacted business within the county in which this action is brought in person or through his agent and that the instant cause arose out of said transaction.

2. That plaintiff, at defendant(s) express or implied request, provided credit to the defendant.

3. Thereafter, defendant incurred various charges, and defendant presently owes $11,214.39 in unpaid charges and interest thereon.

4. Payment of the defaulted balance has been duly demanded and remains unpaid.

### AS FOR THE SECOND CAUSE OF ACTION

5. Plaintiff repeats and reiterates each and every allegation contained in Paragraphs "1" through "4" inclusive, as if more fully set forth herein at length.

6. Plaintiff rendered a written statement to defendant(s) setting forth the fact that goods and/or services were purchased through said extended credit and goods and/or services were not paid for by defendant(s) and defendant(s) did not dispute the existence or accuracy of said statement and the underlying indebtedness therein on said statement constitutes a written account stated.

WHEREFORE, plaintiff demands judgement as follows:

(a)    Against the above-captioned defendant(s), on the first and second causes
of action, in the amount of $11,214.39, together with interest at a rate of
0% running thereon from February 2, 2009.

(b)    For the costs and disbursements of this action.

Dated: June 10, 2009

Goldman, Warshaw & Parrella
- Goldman & Warshaw PC -
Attorneys for Plaintiff

By:    _____
*Jeff Parrella, Esq.*
10 Oakland Ave, STE 2-4
P.O. Box 597
Warwick, NY 10990
(212) 573-6909

H0093840

VERIFICATION

STATE OF NEW YORK      )
                       ) SS.:
COUNTY OF ORANGE       )

The undersigned, an attorney with Goldman, Warshaw & Parrella - Goldman & Warshaw PC -, the attorney of record for the plaintiff, admitted to practice in the Courts of the State of New York, affirms that he had read the foregoing complaint and knows the contents thereof; that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, deponent believes them to be true.

This verification is made by deponent because plaintiff is not in the county where deponent has his office, or all of the material allegations of the pleadings are within the personal knowledge of deponent.

The grounds of deponent's belief as to all matters not stated upon knowledge are obtained from records of plaintiff in his possession.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

DATED:      Warwick, New York
            June 10, 2009

                                        _____
                                        Jeffrey Parrella

nysccrdn

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERALYN GANCI | |
| *Plaintiff* | **CV-10 3027** |
| v. | Civil Action No. |
| U.S. LIMOUSINE SERVICE, LTD. | |
| AND RAYMOND TOWNSEND | **BIANCO, J.** |
| *Defendant* | |

## SUMMONS IN A CIVIL ACTION  TOMLINSON,

To: *(Defendant's name and address)*

U.S. LIMOUSINE SERVICE LTD.          RAYMOND TOWNSEND
1827 GILFORD AVENUE                   c/o U.S. LIMOUSINE SERVICE, LTD.
NEW HYDE PARK, NEW YORK 11040         1827 GILFORD AVENUE
                                      NEW HYDE PARK, NEW YORK 11040

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

RONALD A. LENOWITZ, ESQ.
7600 JERICHO TURNPIKE SUITE 300
WOODBURY, NEW YORK 11797
(516)-364-3080

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

ROBERT C. HEINEMANN

*CLERK OF COURT*

Date:  ‘0 1 JUL 2010                    _John Roolecker_
                                         *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### EASTERN DISTRICT OF NEW YORK

**CV-10 3027**

| | |
|---|---|
| GERALYN GANCI | ) |
| *Plaintiff* | ) |
| v. | ) |
| U.S. LIMOUSINE SERVICE, LTD. | ) |
| AND RAYMOND TOWNSEND | ) |
| *Defendant* | ) |

Civil Action No.  **BIANCO, J.**

**TOMLINSON, M**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

U.S. LIMOUSINE SERVICE LTD.          RAYMOND TOWNSEND
1827 GILFORD AVENUE                   c/o U.S. LIMOUSINE SERVICE, LTD.
NEW HYDE PARK, NEW YORK 11040         1827 GILFORD AVENUE
                                      NEW HYDE PARK, NEW YORK 11040

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

RONALD A. LENOWITZ, ESQ.
7600 JERICHO TURNPIKE SUITE 300
WOODBURY, NEW YORK 11797
(516)-364-3080

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

ROBERT C. HEINEMANN

*CLERK OF COURT*

Date:    0 1 JUL 2010

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERALYN GANCI | ) |
| _Plaintiff_ | ) |
| v. | ) |
| U.S. LIMOUSINE SERVICE, LTD. | ) |
| AND RAYMOND TOWNSEND | ) |
| _Defendant_ | ) |

**CV-10 3027**

Civil Action No.

**BIANCO, J.**

**TOMLINSON, M**

**SUMMONS IN A CIVIL ACTION**

To: _(Defendant's name and address)_

U.S. LIMOUSINE SERVICE LTD.          RAYMOND TOWNSEND
1827 GILFORD AVENUE                   c/o U.S. LIMOUSINE SERVICE, LTD.
NEW HYDE PARK, NEW YORK 11040         1827 GILFORD AVENUE
                                      NEW HYDE PARK, NEW YORK 11040

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

RONALD A. LENOWITZ, ESQ.
7600 JERICHO TURNPIKE SUITE 300
WOODBURY, NEW YORK 11797
(516)-364-3080

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

ROBERT C. HEINEMANN

_CLERK OF COURT_

Date:  0 1 JUL 2010

_Signature of Clerk or Deputy Clerk_

RONALD A. LENOWITZ, ESQ.
(RL7171)
Attorney for Plaintiff
Office and P.O. Address
7600 Jericho Turnpike Suite 300
Woodbury, New York 11797
(516)-364-3080

**CV - 10  3027**

RECEIVED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★   JUL 0 1 2010   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GERALYN GANCI,

                        Plaintiff

                -against-

U.S. LIMOUSINE SERVICE LTD., and
RAYMOND TOWNSEND

                        Defendant(s)

----------------------------------------X

**BIANCO, J.**

Index No. **TOMLINSON, M**

**COMPLAINT**

PLAINTIFF DEMANDS A
TRIAL BY JURY:

        Plaintiff, GERALYN GANCI, by her attorney, RONALD A.

LENOWITZ, ESQ., as and for her Complaint against the Defendant(s) U.S.

LIMOUSINE SERVICE, LTD., and RAYMOND TOWNSEND,  respectfully set forth

and allege the following upon information and belief:

### JURISDICTION

1.  This is an action commenced for damages brought pursuant to Title VII of the Civil

Rights Act of 1964 ("Title VII"), Section 703 et seq., thereat; 42 U.S.C. Section 2000e et

seq., and particularly 29 CFR Ch. XIV, Subdivision 1604.11 (a) et seq. the Fourteenth

Amendment to  the United States Constitution and related New York State state-law

based claims.

2.  This Court has subject matter jurisdiction based upon Title VII and this Court may exercise such supplemental jurisdiction and pendant jurisdiction of all related New York State state-law based claims.

### CONDITIONS PRECEDENT TO SUIT

3.  Plaintiff, GERALYN GANCI, has duly complied with all the prerequisites to an action under Title VII, having timely filed a charged for the sexual harassment alleged in this Complaint with the New York State Division of Human Rights.

4.  Plaintiff has voluntarily discontinued her claims before the New York State Division of Human Rights and elects to proceed in this forum.

### FACTS COMMON TO ALL CAUSES OF ACTION

5.  That at all of the times hereinafter mentioned the Plaintiff, GERALYN GANCI, was, and still continues to be a resident of the County of Nassau, State of New York.

6.  That at all of the times hereinafter mentioned the Defendant U.S. LIMOUSINE SERVICE, LTD., was a domestic corporation, duly organized and existing under and pursuant to the laws of the State of New York.

7.  That at all of the times hereinafter mentioned the Defendant U.S. LIMOUSINE SERVICE, LTD., was a foreign corporation, duly authorized to transact business in the State of New York.

8.  That at all of the times hereinafter mentioned the Defendant RAYMOND TOWNSEND was a resident of the County of Nassau and State of New York.

9.  That at all of the times hereinafter mentioned the Defendant U.S. LIMOUSINE SERVICE, LTD. owned and operated a limousine service business at 1827 Gilford Avenue, New Hyde Park, New York 11040.

10.  That at all of the times hereinafter mentioned the Plaintiff, GERALYN GANCI, was

an employee of the Defendant, U.S. LIMOUSINE SERVICE, LTD., and all of the acts

and events hereinafter set forth occurred while the Plaintiff was so employed.

11.  That all of the times hereinafter mentioned the Defendant RAYMOND

TOWNSEND was the Plaintiff's employment supervisor/manager.

12  That at all of the times hereinafter mentioned the Plaintiff, GERALYN GANCI was

employed as a "Dispatcher"

### AS AND FOR A FIRST CAUSE OF ACTION
### SEXUAL HARASSMENT

13.  That heretofore and for a period of more than one year prior to Saturday, February

21, 2009 the Defendant RAYMOND TOWNSEND sent unwanted  and unwelcomed text

messages and voicemail messages to Plaintiff, in addition to calling Plaintiff at all hours

of the day and night, during the workday and after the work day to convey disgusting,

sexually suggestive, erotic and vile messages of a sexual nature in an attempt to compel

the Plaintiff to have sexual relations with him

22.  That these text, and telephone voice mail messages persisted for more than one year

during Plaintiff's employment with the Defendant U.S. LIMOUSINE SERVICE, LTD.,

and while the Defendant RAYMOND TOWNSEND was Plaintiff's immediate

supervisor/manager in the Defendants' Limousine business.

23.  That despite Plaintiff's repeated rejections of any sexual relations to RAYMOND

TOWNSEND, and despite Plainitff's repeated efforts to stop him from continuing these

messages and phonecalls the messages and phonecalls persisted.

24.  That without reciting a complete chronological history of these unwanted and

unwelcomed text and voicemail messages from the Defendant Plaintiff submits that these

messages consisted of the following tone and content;

(a)  That I should not reject the Defendant's Sexual Advances otherwise my job

will be in jeopardy;

(b)  That the Defendant transmitted a photograph of his "lap" indicating that this

is what I do to him;

(c)  That I should come to his home and have sex with him because his wife was

away for the evening visiting her mother;

(d)  That he was obsessed with my breasts and that I should sleep with him;

(e)  That while he was driving home he had to pull his car to the side of the road

and masturbate thinking about me;

25.  That the tone and content of these voice-mails and text messages set forth herein at

Paragraph "24" are simply some of the examples of the vile and disgusting messages and

statements made to Plaintiff by the Defendant RAYMOND TOWNSEND while Plaintiff

was employed by the Defendant, including continuous unwelcomed and  unwanted

"touching" and unwelcomed and unwanted comments in the workplace about Plaintiff's

breasts in the presence of other employees.

26.  That the above stated conduct continued without abatement, and despite Plaintiff's

continuous rejection of the Defendant's advances during the period of  her employment

from 2006 up to and including February 21, 2009.

27.  That during the course of Plaintiff's employment and by reason of these messages,

comments, unwelcomed and unwanted "touching" and breast comments Plaintiff

preserved the messages depicting these explicit, vile, disgusting and humiliating statements and comments, along with the picture of the Defendant's "lap." (It was apparent that the Defendant was a attempting to show Plaintiff his private parts in such picture as some sick inducement for Plaintiff to have sexual relations with him).

28. That notwithstanding Plaintiff's shame and humiliation stemming from the Defendant's persistent conduct Plaintiff was afraid to say anything to anyone at the office because the Defendant's wife, Nicole Townsend (and whose wedding to RAYMOND TOWNSEND Plaintiff attended) was employed there as well.

29. Finally, by reason of the Defendant's constant sexual harassment as set forth above Plaintiff contacted another employee of the Defendant U.S. LIMOUSINE SERVICE, LTD., named Robert Thatcher who was employed by the Company in Florida. Plaintiff knew Robert Thatcher and told him about the conduct of the Defendant RAYMOND TOWNSEND and he indicated to Plaintiff that he would talk to the Defendant and thereafter advised Plaintiff that he did so.

30. That despite Plaintiff's complaint to Robert Thatcher the Defendant RAYMOND TOWNSEND continued in his course of disgusting, vile and sexual statements, messages, phone calls and texts, all of which caused Plaintiff great pain and emotional distress and by reason of which Plaintiff was hospitalized.

31. That while convalescing in the hospital the Defendant RAYMOND TOWNSEND actually called the hospital to speak to Plaintiff and notwithstanding that he knew Plaintiff was hospitalized for stress and anxiety he asked Plaintiff "how her breasts felt."

32. That following Plaintiff's hospitalization at Winthrop Hospital Plaintiff returned to work at the Defendant facility, only to be faced with the continuous and obsessive sexual

advances by RAYMOND TOWNSEND, all of which Plaintiff rejected, and Plaintiff

became further emotionally sick because the Defendant RAYMOND TOWNSEND was

acting in such a vile and disgusting manner toward Plaintiff while his wife Nicole was

working at the same facility.

33. Plaintiff became so emotionally upset about what was transpiring but was afraid to

say anything to the Defendant's wife for fear of causing difficulties in their marriage and

for fear of losing her position.

34. The sexual harassment culminated in an incident which occurred on Saturday,

February 21, 2009 at the Defendant's facility.  RAYMOND TOWNSEND asked Plaintiff

to work that Saturday (ostensibly because his wife Nicole was not working that day) and

because the Defendant was so busy and during the workday he grabbed Plaintiff and

forced Plaintiff into the bathroom, putting his hand under Plaintiff's shirt and lifted up

Plaintiff's shirt to kiss Plaintiff's breast.  Despite Plaintiff's call for help, two other

employees, "Frankie" and "Shaw" who were present refused to intervene to help Plaintiff

because RAYMOND TOWNSEND was their boss as well so Plaintiff left the facility.

35.  The very next day, February 22, 2009 the Defendant RAYMOND TOWNSEND

told Plaintiff not to come to work any longer.  Plaintiff's last day of work at the

Defendant U.S. LIMOUSINE SERVICE, LTD., was February 21, 2009 and Plaintiff

received her pay up to and including that date from the Defendant.

36.  That thereafter and approximately two weeks following Plaintiff's discharge by

RAYMOND TOWNSEND for rejecting his sexual advances, he sent Plaintiff a text

message stating that "he will fire Kathy in the Wedding Department and offered Plaintiff

her job" which Plaintiff verily believed was communicated to Plaintiff only by reason of

Defendant's guilt for his sexual assault and fear of the repercussions of his sexual assault on Plaintiff on February 21, 2009.

37. That Plaintiff has preserved these communications and they are available verbatim through Plaintiff's cell-phone service provider for scrutiny in this proceeding.

38. That Plaintiff's discharge from employment at the Defendant U.S. LIMOUSINE SERVICE, LTD. was predicated solely by reason of Plaintiff's refusal to have sex with RAYMOND TOWNSEND.

39. That Plaintiff even received another text message from RAYMOND TOWNSEND, which has been preserved stating that the reason Plaintiff was fired was because "I (she) refused to have sex with the General Manager."

40. That despite this message, the "General Manager" referred to was the self-same RAYMOND TOWNSEND.

41. That the Defendant, RAYMOND TOWNSEND has heretofore admitted the transmittal of the above mentioned vile, disgusting and sexually suggestive messages to the Plaintiff to the New York State Division of Human Rights and does not dispute the tone and/or content of the messages disseminated to the Plaintiff.


## AS AND FOR A SECOND CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiff, GERALYN GANCI repeats, reiterates and realleges each and every allegation of the Complaint set forth hereinabove at Paragraph(s) "1'" through "41," inclusive, with the same full force and effect as if more fully set forth herein at length.

43. That by virtue of all of the above acts and conduct of the Defendant(s), the Defendant(s) have willfully, maliciously and intentionally inflicted severe and serious

mental pain and anguish to the Plaintiff GERALYN GANCI, through and by reason of such sexual harassment and retaliation and by reason of such, this Plaintiff GERALYN GANCI has become sick, sore, lame and disabled and has been caused to seek protracted medical care, psychological intervention, psychiatric treatment and hospitalization all in an effort to ameliorate the symptoms and sequelae of her injuries.

44.   That such injuries and damages to the Plaintiff GERALYN GANCI were caused solely and wholly by reason of the Defendant(s) conduct and in retaliating against the Plaintiff for her refusal to have sexual relations with the Defendant RAYMOND TOWNSEND.

45.   That the Defendant(s) conduct, tone and persistent sexual harassment was a vicious and incomprehensible  means of intending to compel the Plaintiff to have sexual relations with Defendant RAYMOND TOWNSEND.

46.   That the Defendant(s) knew that such acts and conduct would cause severe and serious emotional distress and that such acts and conduct rose to a level that went beyond the bounds of decency in a civilized society.

47.   That by reason of the Defendant(s) acts and conduct aforementioned the Plaintiff, GERALYN GANCI has suffered a level of emotional and psychological distress that no such reasonable person could be expected to endure.

48.   That by reason of such acts and conduct constituting the intentional infliction of emotional distress to the Plaintiff by the Defendant(s), this Plaintiff GERALYN GANCI has suffered damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, together with pre-judgment interest from February 21, 2009.

## AS AND FOR A THIRD CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

49. Plaintiff, GERALYN GANCI, repeats, reiterates and realleges each and every allegation of the Complaint set forth hereinabove at Paragraph(s) "1," through "48," inclusive, with the same full force and effect as if more fully set forth herein at length.

50. That by virtue of the acts and conduct of the Defendant(s) the Defendant(s)' conduct was so atrocious and malicious that a reasonable person would have known that its effect was such to cause  Plaintiff GERALYN GANCI extreme emotional distress.

51. The effect of such negligent behavior towards the Plaintiff, GERALYN GANCI, inflicted by the Defendant(s) through an intentional and persistent campaign of vile and disgusting comments and sexually suggestive messages, unwelcomed and unwanted touches, caused an end result that rose to a level that exceeded the bounds of decency in a civilized society and particularly in the Defendant(s)' workplace.

52. That the Defendant(s) acts and conduct rose to a level that no reasonable person could be expected to endure.

53. That the Defendant(s) knew that such acts and conduct would cause the extreme emotional distress to the Plaintiff herein complained of .

54. That by reason of the foregoing, Plaintiff GERALYN GANCI has suffered damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, together with pre-judgment interest from February 21, 2009.

### AS AND FOR A FOURTH CAUSE OF ACTION
### CREATION OF HOSTILE WORK ENVIRONMENT

55. Plaintiff, GERALYN GANCI, repeats, reiterates and realleges each and every allegation of the Complaint set forth hereinabove at Paragraph(s) "1," through "54," inclusive, with the same full force and effect as if more fully set forth herein at length.

56. That by reason of the acts and conduct of the Defendant(s), and by reason of such persistent sexual harassment of the Plaintiff GERALYN GANCI, the Defendant(s) created a hostile work environment.

57. That by reason of the acts and conduct of the Defendant(s) aforementioned, which are admitted by the Defendant RAYMOND TOWNSEND and are subject to visual and data inspection, the sexual harassment was so severe and pervasive as to alter the Plaintiff's work environment.

58. That by reason of the acts and conduct of the Defendant(s) aforementioned the Plaintiff was caused to suffer such panic attacks in the workplace that she had to be hospitalized.

59. That by reason of the acts and conduct of the Defendant(s) aforementioned and particularly the acts and conduct of the Defendant RAYMOND TOWNSEND, the Plaintiff's supervisor/manager, a specific basis existed for imputing that the conduct of the Defendant RAYMOND TOWNSEND created a hostile work environment.

60. That by reason of the foregoing, Plaintiff GERALYN GANCI has suffered damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, together with pre-judgment interest from February 21, 2009.

## AS AND FOR A FIFTH CAUSE OF ACTION
## RETALIATION

61.  Plaintiff, GERALYN GANCI, repeats, reiterates and realleges each and every allegation of the Complaint set forth hereinabover at Paragraph(s) "1," through "60," inclusive, with the same fully force and effect as if more fully set forth herein at length.

62.  That by virtue of the Plaintiff's rejection of the Defendant(s) unwanted, unwelcomed and unsolicited sexual advances, and by virtue of the Plaintiff's refusal to have sexual relations with the Defendant RAYMOND TOWNSEND, the Plaintiff was terminated from her position as a "Dispatcher" for the Defendant U.S. LIMOUSINE SERVICE, LTD.

63.  That such termination was in direct retaliation for the Plaintiff's rejection of the Defendant's sexual harassment and Plaintiff's refusal to have sexual relations with the Defendant RAYMOND TOWNSEND, her supervisor/manager.

64.  That by reason of such retaliation and termination of Plaintiff's employment Plaintiff was rendered emotionally distraught and mentally impaired, to such an extent under the circumstances that the Plaintiff came under the care and treatment of medical professionals and was hospitalized.

65.  That by reason of the foregoing, caused solely and wholly by reason of the retaliation by the Defendant(s) the Plaintiff GERALYN GANCI has suffered damages in the amount of $5,000,000.00, together with pre-judgment interest from February 21, 2009.

## AS AND FOR A SIXTH CAUSE OF ACTION
## "RESPONDEAT SUPERIOR"

66.  Plaintiff, GERALYN GANCI, repeats, reiterates and realleges each and every allegation of the Complaint set forth hereinabove at Paragraph(s) "1," through "65," with the same full force and effect as if more fully set forth herein at length.

67. That at all of the times hereinabove mentioned the Defendant(s), and particularly, RAYMOND TOWNSEND, Plaintiff's immediate supervisor/manager was acting for, upon and in furtherance of the business of U.S. LIMOUSINE SERVICE, LTD. and within the scope of his employment.

68. That at all of the times hereinabove mentioned the Defendant U.S. LIMOUSINE SERVICE LTD., was aware of the conduct of the Defendant RAYMOND TOWNSEND, and was familiar with his sexual propensities with Defendants' employee staff from prior occurrences of a similar nature.

69. That at all of the times hereinabove mentioned the Defendant U.S. LIMOUSINE SERVICE, LTD. its officers, stockholders and directors were aware of the conduct of the Defendant RAYMOND TOWNSEND.

70. That at all of the times hereinabove mentioned the Defendant U.S. LIMOUSINE SERVICE LTD., was responsible for the tortious actions and conduct of its employees.

71. That at all of the times hereinabove mentioned the Defendant U.S. LIMOUSINE SERVICE LTD., was liable for the tortious actions and conduct of its employees under the doctrine of *Respondeat Superior* in such cases made and provided.

### RELIEF SOUGHT

**WHEREFORE,** Plaintiff, GERALYN GANCI demands judgment against the Defendant(s), U.S. LIMOUSINE SERVICE, LTD., and RAYMOND TOWNSEND, jointly and severally as follows:

1) Money Damages in the amount of $5,000,000.00 on the FIRST CAUSE OF ACTION, together with pre-judgment interest from February 21, 2009;

2) Money Damages in the amount of $5,000,000.00 on the SECOND CAUSE OF

ACTION, together with pre-judgment interest from February 21, 2009;

3) Money Damages in the amount of $5,000,000.00 on the THIRD CAUSE OF

ACTION, together with pre-judgment interest from February 21, 2009;

4) Money Damages in the amount of $5,000,000.00 on the FOURTH CAUSE OF

ACTION, together with pre-judgment interest from February 21, 2009;

5) Money Damages in the amount of $5,000,000.00 on the FIFTH CAUSE OF

ACTION, together with pre-judgment interest from February 21, 2009;

6) Money Damages in the amount of $5,000,000.00 on the SIXTH CAUSE OF

ACTION, together with pre-judgment interest from February 21, 2009;

7) Punitive Damages as to be awarded by the trier of the facts;

8) Reasonable Counsel Fees and litigation expenses, together with such statutory

costs upon the entry of Judgment which may be applicable;

9) Such other and further relief as to which this Court may deem just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY

Dated:  Woodbury, New York
        June 30, 2010

RONALD A. LENOWITZ, ESQ.
(RL 7171)
Attorney for Plaintiff
Office and P.O. Address
7600 Jericho Turnpike Suite 300
Woodbury, New York 11797
(516)-364-3080
e-mail to: rlenolaw@yahoo.com

RONALD A. LENOWITZ, ESQ.
(RL7171)
Attorney for Plaintiff
Office and P.O. Address
7600 Jericho Turnpike Suite 300
Woodbury, New York 11797
(516)-364-3080

**CV - 10  3027**

RECEIVED
CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  JUL 01 2010  ★

LONG ISLAND OFFICE

BIANCO, J.

TOMLINSON, M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
GERALYN GANCI,

                Plaintiff           Index No.

    -against-                    **COMPLAINT**

U.S. LIMOUSINE SERVICE LTD., and
RAYMOND TOWNSEND

                               PLAINTIFF DEMANDS A
                               <u>TRIAL BY JURY:</u>

                Defendant(s)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Plaintiff, GERALYN GANCI, by her attorney, RONALD A.

LENOWITZ, ESQ., as and for her Complaint against the Defendant(s) U.S.

LIMOUSINE SERVICE, LTD., and RAYMOND TOWNSEND,  respectfully set forth

and allege the following upon information and belief:

<u>**JURISDICTION**</u>

1.  This is an action commenced for damages brought pursuant to Title VII of the Civil

Rights Act of 1964 ("Title VII"), Section 703 et seq., thereat; 42 U.S.C. Section 2000e et

seq., and particularly 29 CFR Ch. XIV, Subdivision 1604.11 (a) et seq. the Fourteenth

Amendment to  the United States Constitution and related New York State state-law

based claims.

2.  This Court has subject matter jurisdiction based upon Title VII and this Court may exercise such supplemental jurisdiction and pendant jurisdiction of all related New York State state-law based claims.

## CONDITIONS PRECEDENT TO SUIT

3.  Plaintiff, GERALYN GANCI, has duly complied with all the prerequisites to an action under Title VII, having timely filed a charged for the sexual harassment alleged in this Complaint with the New York State Division of Human Rights.

4.  Plaintiff has voluntarily discontinued her claims before the New York State Division of Human Rights and elects to proceed in this forum.

## FACTS COMMON TO ALL CAUSES OF ACTION

5.  That at all of the times hereinafter mentioned the Plaintiff, GERALYN GANCI, was, and still continues to be a resident of the County of Nassau, State of New York.

6.  That at all of the times hereinafter mentioned the Defendant U.S. LIMOUSINE SERVICE, LTD., was a domestic corporation, duly organized and existing under and pursuant to the laws of the State of New York.

7.  That at all of the times hereinafter mentioned the Defendant U.S. LIMOUSINE SERVICE, LTD., was a foreign corporation, duly authorized to transact business in the State of New York.

8.  That at all of the times hereinafter mentioned the Defendant RAYMOND TOWNSEND was a resident of the County of Nassau and State of New York.

9.  That at all of the times hereinafter mentioned the Defendant U.S. LIMOUSINE SERVICE, LTD. owned and operated a limousine service business at 1827 Gilford Avenue, New Hyde Park, New York 11040.

10. That at all of the times hereinafter mentioned the Plaintiff, GERALYN GANCI, was an employee of the Defendant, U.S. LIMOUSINE SERVICE, LTD., and all of the acts and events hereinafter set forth occurred while the Plaintiff was so employed.

11. That all of the times hereinafter mentioned the Defendant RAYMOND TOWNSEND was the Plaintiff's employment supervisor/manager.

12 That at all of the times hereinafter mentioned the Plaintiff, GERALYN GANCI was employed as a "Dispatcher"

## AS AND FOR A FIRST CAUSE OF ACTION
## SEXUAL HARASSMENT

13. That heretofore and for a period of more than one year prior to Saturday, February 21, 2009 the Defendant RAYMOND TOWNSEND sent unwanted and unwelcomed text messages and voicemail messages to Plaintiff, in addition to calling Plaintiff at all hours of the day and night, during the workday and after the work day to convey disgusting, sexually suggestive, erotic and vile messages of a sexual nature in an attempt to compel the Plaintiff to have sexual relations with him

22. That these text, and telephone voice mail messages persisted for more than one year during Plaintiff's employment with the Defendant U.S. LIMOUSINE SERVICE, LTD., and while the Defendant RAYMOND TOWNSEND was Plaintiff's immediate supervisor/manager in the Defendants' Limousine business.

23. That despite Plaintiff's repeated rejections of any sexual relations to RAYMOND TOWNSEND, and despite Plaintiff's repeated efforts to stop him from continuing these messages and phonecalls the messages and phonecalls persisted.

24. That without reciting a complete chronological history of these unwanted and unwelcomed text and voicemail messages from the Defendant Plaintiff submits that these messages consisted of the following tone and content;

    (a) That I should not reject the Defendant's Sexual Advances otherwise my job will be in jeopardy;

    (b) That the Defendant transmitted a photograph of his "lap" indicating that this is what I do to him;

    (c) That I should come to his home and have sex with him because his wife was away for the evening visiting her mother;

    (d) That he was obsessed with my breasts and that I should sleep with him;

    (e) That while he was driving home he had to pull his car to the side of the road and masturbate thinking about me;

25. That the tone and content of these voice-mails and text messages set forth herein at Paragraph "24" are simply some of the examples of the vile and disgusting messages and statements made to Plaintiff by the Defendant RAYMOND TOWNSEND while Plaintiff was employed by the Defendant, including continuous unwelcomed and unwanted "touching" and unwelcomed and unwanted comments in the workplace about Plaintiff's breasts in the presence of other employees.

26. That the above stated conduct continued without abatement, and despite Plaintiff's continuous rejection of the Defendant's advances during the period of her employment from 2006 up to and including February 21, 2009.

27. That during the course of Plaintiff's employment and by reason of these messages, comments, unwelcomed and unwanted "touching" and breast comments Plaintiff

preserved the messages depicting these explicit, vile, disgusting and humiliating

statements and comments, along with the picture of the Defendant's "lap." (It was

apparent that the Defendant was a attempting to show Plaintiff his private parts in such

picture as some sick inducement for Plaintiff to have sexual relations with him).

28. That notwithstanding Plaintiff's shame and humiliation stemming from the

Defendant's persistent conduct Plaintiff was afraid to say anything to anyone at the office

because the Defendant's wife, Nicole Townsend (and whose wedding to RAYMOND

TOWNSEND Plaintiff attended) was employed there as well.

29. Finally, by reason of the Defendant's constant sexual harassment as set forth above

Plaintiff contacted  another employee of the Defendant U.S. LIMOUSINE SERVICE,

LTD., named Robert Thatcher who was employed by the Company in Florida.  Plaintiff

knew Robert Thatcher and told him about the conduct of the Defendant RAYMOND

TOWNSEND and he indicated to Plaintiff that he would talk to the Defendant and

thereafter advised Plaintiff that he did so.

30. That despite Plaintiff's complaint to Robert Thatcher the Defendant RAYMOND

TOWNSEND continued in his course of disgusting, vile and sexual statements,

messages, phone calls and texts, all of which caused Plaintiff great pain and emotional

distress and by reason of which Plaintiff was hospitalized.

31. That while convalescing in the hospital the Defendant RAYMOND TOWNSEND

actually called the hospital to speak to Plaintiff and notwithstanding that he knew

Plaintiff was hospitalized for stress and anxiety he asked Plaintiff "how her breasts felt."

32. That following Plaintiff's hospitalization at Winthrop Hospital Plaintiff returned to

work at the Defendant facility, only to be faced with the continuous and obsessive sexual

advances by RAYMOND TOWNSEND, all of which Plaintiff rejected, and Plaintiff

became further emotionally sick because the Defendant RAYMOND TOWNSEND was

acting in such a vile and disgusting manner toward Plaintiff while his wife Nicole was

working at the same facility.

33. Plaintiff became so emotionally upset about what was transpiring but was afraid to

say anything to the Defendant's wife for fear of causing difficulties in their marriage and

for fear of losing her position.

34. The sexual harassment culminated in an incident which occurred on Saturday,

February 21, 2009 at the Defendant's facility.  RAYMOND TOWNSEND asked Plaintiff

to work that Saturday (ostensibly because his wife Nicole was not working that day) and

because the Defendant was so busy and during the workday he grabbed Plaintiff and

forced Plaintiff into the bathroom, putting his hand under Plaintiff's shirt and lifted up

Plaintiff's shirt to kiss Plaintiff's breast.  Despite Plaintiff's call for help, two other

employees, "Frankie" and "Shaw" who were present refused to intervene to help Plaintiff

because RAYMOND TOWNSEND was their boss as well so Plaintiff left the facility.

35. The very next day, February 22, 2009 the Defendant RAYMOND TOWNSEND

told Plaintiff not to come to work any longer.  Plaintiff's last day of work at the

Defendant U.S. LIMOUSINE SERVICE, LTD., was February 21, 2009 and Plaintiff

received her pay up to and including that date from the Defendant.

36. That thereafter and approximately two weeks following Plaintiff's discharge by

RAYMOND TOWNSEND for rejecting his sexual advances, he sent Plaintiff a text

message stating that "he will fire Kathy in the Wedding Department and offered Plaintiff

her job" which Plaintiff verily believed was communicated to Plaintiff only by reason of

Defendant's guilt for his sexual assault and fear of the repercussions of his sexual assault

on Plaintiff on February 21, 2009.

37.  That Plaintiff has preserved these communications and they are available verbatim

through Plaintiff's cell-phone service provider for scrutiny in this proceeding.

38.  That Plaintiff's discharge from employment at the Defendant U.S. LIMOUSINE

SERVICE, LTD. was predicated solely by reason of Plaintiff's refusal to have sex with

RAYMOND TOWNSEND.

39.  That Plaintiff even received another text message from RAYMOND TOWNSEND,

which has been preserved stating that the reason Plaintiff was fired was because "I (she)

refused to have sex with the General Manager."

40.  That despite this message, the "General Manager" referred to was the self-same

RAYMOND TOWNSEND.

41.  That the Defendant, RAYMOND TOWNSEND has heretofore admitted the

transmittal of the above mentioned vile, disgusting and sexually suggestive messages to

the Plaintiff to the New York State Division of Human Rights and does not dispute the

tone and/or content of the messages disseminated to the Plaintiff.


### AS AND FOR A SECOND CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42.  Plaintiff, GERALYN GANCI repeats, reiterates and realleges each and every

allegation of the Complaint set forth hereinabove at Paragraph(s) "1'" through "41,"

inclusive, with the same full force and effect as if more fully set forth herein at length.

43.  That by virtue of all of the above acts and conduct of the Defendant(s), the

Defendant(s) have willfully, maliciously and intentionally inflicted severe and serious

mental pain and anguish to the Plaintiff GERALYN GANCI, through and by reason of such sexual harassment and retaliation and by reason of such, this Plaintiff GERALYN GANCI has become sick, sore, lame and disabled and has been caused to seek protracted medical care, psychological intervention, psychiatric treatment and hospitalization all in an effort to ameliorate the symptoms and sequelae of her injuries.

44. That such injuries and damages to the Plaintiff GERALYN GANCI were caused solely and wholly by reason of the Defendant(s) conduct and in retaliating against the Plaintiff for her refusal to have sexual relations with the Defendant RAYMOND TOWNSEND.

45. That the Defendant(s) conduct, tone and persistent sexual harassment was a vicious and incomprehensible means of intending to compel the Plaintiff to have sexual relations with Defendant RAYMOND TOWNSEND.

46. That the Defendant(s) knew that such acts and conduct would cause severe and serious emotional distress and that such acts and conduct rose to a level that went beyond the bounds of decency in a civilized society.

47. That by reason of the Defendant(s) acts and conduct aforementioned the Plaintiff, GERALYN GANCI has suffered a level of emotional and psychological distress that no such reasonable person could be expected to endure.

48. That by reason of such acts and conduct constituting the intentional infliction of emotional distress to the Plaintiff by the Defendant(s), this Plaintiff GERALYN GANCI has suffered damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, together with pre-judgment interest from February 21, 2009.

## AS AND FOR A THIRD CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

49.  Plaintiff, GERALYN GANCI, repeats, reiterates and realleges each and every allegation of the Complaint set forth hereinabove at Paragraph(s) "1," through "48," inclusive, with the same full force and effect as if more fully set forth herein at length.

50.  That by virtue of the acts and conduct of the Defendant(s) the Defendant(s)' conduct was so atrocious and malicious that a reasonable person would have known that its effect was such to cause  Plaintiff GERALYN GANCI extreme emotional distress.

51.  The effect of such negligent behavior towards the Plaintiff, GERALYN GANCI, inflicted by the Defendant(s) through an intentional and persistent campaign of vile and disgusting comments and sexually suggestive messages, unwelcomed and unwanted touches, caused an end result that rose to a level that exceeded the bounds of decency in a civilized society and particularly in the Defendant(s)' workplace.

52.  That the Defendant(s) acts and conduct rose to a level that no reasonable person could be expected to endure.

53.  That the Defendant(s) knew that such acts and conduct would cause the extreme emotional distress to the Plaintiff herein complained of .

54.  That by reason of the foregoing, Plaintiff GERALYN GANCI has suffered damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, together with pre-judgment interest from February 21, 2009.

## AS AND FOR A FOURTH CAUSE OF ACTION
## CREATION OF HOSTILE WORK ENVIRONMENT

55. Plaintiff, GERALYN GANCI, repeats, reiterates and realleges each and every allegation of the Complaint set forth hereinabove at Paragraph(s) "1," through "54," inclusive, with the same full force and effect as if more fully set forth herein at length.

56. That by reason of the acts and conduct of the Defendant(s), and by reason of such persistent sexual harassment of the Plaintiff GERALYN GANCI, the Defendant(s) created a hostile work environment.

57. That by reason of the acts and conduct of the Defendant(s) aforementioned, which are admitted by the Defendant RAYMOND TOWNSEND and are subject to visual and data inspection, the sexual harassment was so severe and pervasive as to alter the Plaintiff's work environment.

58. That by reason of the acts and conduct of the Defendant(s) aforementioned the Plaintiff was caused to suffer such panic attacks in the workplace that she had to be hospitalized.

59. That by reason of the acts and conduct of the Defendant(s) aforementioned and particularly the acts and conduct of the Defendant RAYMOND TOWNSEND, the Plaintiff's supervisor/manager, a specific basis existed for imputing that the conduct of the Defendant RAYMOND TOWNSEND created a hostile work environment.

60. That by reason of the foregoing, Plaintiff GERALYN GANCI has suffered damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, together with pre-judgment interest from February 21, 2009.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**RETALIATION**

61. Plaintiff, GERALYN GANCI, repeats, reiterates and realleges each and every allegation of the Complaint set forth hereinabover at Paragraph(s) "1," through "60," inclusive, with the same fully force and effect as if more fully set forth herein at length.

62. That by virtue of the Plaintiff's rejection of the Defendant(s) unwanted, unwelcomed and unsolicited sexual advances, and by virtue of the Plaintiff's refusal to have sexual relations with the Defendant RAYMOND TOWNSEND, the Plaintiff was terminated from her position as a "Dispatcher" for the Defendant U.S. LIMOUSINE SERVICE, LTD.

63. That such termination was in direct retaliation for the Plaintiff's rejection of the Defendant's sexual harassment and Plaintiff's refusal to have sexual relations with the Defendant RAYMOND TOWNSEND, her supervisor/manager.

64. That by reason of such retaliation and termination of Plaintiff's employment Plaintiff was rendered emotionally distraught and mentally impaired, to such an extent under the circumstances that the Plaintiff came under the care and treatment of medical professionals and was hospitalized.

65. That by reason of the foregoing, caused solely and wholly by reason of the retaliation by the Defendant(s) the Plaintiff GERALYN GANCI has suffered damages in the amount of $5,000,000.00, together with pre-judgment interest from February 21, 2009.

### AS AND FOR A SIXTH CAUSE OF ACTION
### "RESPONDEAT SUPERIOR"

66. Plaintiff, GERALYN GANCI, repeats, reiterates and realleges each and every allegation of the Complaint set forth hereinabove at Paragraph(s) "1," through "65," with the same full force and effect as if more fully set forth herein at length.

67. That at all of the times hereinabove mentioned the Defendant(s), and particularly, RAYMOND TOWNSEND, Plaintiff's immediate supervisor/manager was acting for, upon and in furtherance of the business of U.S. LIMOUSINE SERVICE, LTD. and within the scope of his employment.

68. That at all of the times hereinabove mentioned the Defendant U.S. LIMOUSINE SERVICE LTD., was aware of the conduct of the Defendant RAYMOND TOWNSEND, and was familiar with his sexual propensities with Defendants' employee staff from prior occurrences of a similar nature.

69. That at all of the times hereinabove mentioned the Defendant U.S. LIMOUSINE SERVICE, LTD. its officers, stockholders and directors were aware of the conduct of the Defendant RAYMOND TOWNSEND.

70. That at all of the times hereinabove mentioned the Defendant U.S. LIMOUSINE SERVICE LTD., was responsible for the tortious actions and conduct of its employees.

71. That at all of the times hereinabove mentioned the Defendant U.S. LIMOUSINE SERVICE LTD., was liable for the tortious actions and conduct of its employees under the doctrine of *Respondeat Superior* in such cases made and provided.

### RELIEF SOUGHT

**WHEREFORE,** Plaintiff, GERALYN GANCI demands judgment against the Defendant(s), U.S. LIMOUSINE SERVICE, LTD., and RAYMOND TOWNSEND, jointly and severally as follows:

1) Money Damages in the amount of $5,000,000.00 on the FIRST CAUSE OF ACTION, together with pre-judgment interest from February 21, 2009;

2) Money Damages in the amount of $5,000,000.00 on the SECOND CAUSE OF

ACTION, together with pre-judgment interest from February 21, 2009;

3) Money Damages in the amount of $5,000,000.00 on the THIRD CAUSE OF

ACTION, together with pre-judgment interest from February 21, 2009;

4) Money Damages in the amount of $5,000,000.00 on the FOURTH CAUSE OF

ACTION, together with pre-judgment interest from February 21, 2009;

5) Money Damages in the amount of $5,000,000.00 on the FIFTH CAUSE OF

ACTION, together with pre-judgment interest from February 21, 2009;

6) Money Damages in the amount of $5,000,000.00 on the SIXTH CAUSE OF

ACTION, together with pre-judgment interest from February 21, 2009;

7) Punitive Damages as to be awarded by the trier of the facts;

8) Reasonable Counsel Fees and litigation expenses, together with such statutory

costs upon the entry of Judgment which may be applicable;

9) Such other and further relief as to which this Court may deem just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY

Dated:  Woodbury, New York
        June 30, 2010

RONALD A. LENOWITZ, ESQ.
(RL 7171)
Attorney for Plaintiff
Office and P.O. Address
7600 Jericho Turnpike Suite 300
Woodbury, New York 11797
(516)-364-3080
e-mail to: rlenolaw@yahoo.com

U.S. DISTRICT

_____ COURT OF THE STATE OF NEW YORK

COUNTY OF ___EASTERN___

Trans #: 10709073
File  #:
Index #: CV-3027/10
  Filed: NO    Court Date:    /   /
Mortg #:

GERALYN GANCI

Petitioner (s)
Plaintiff (s)

— vs —

US LIMOUSINE SERVICE LTD ET AL

Defendant (s)
Respondent (s)

RONALD A LENOWITZ
7600 JERICHO TURNPIKE
SUITE 300
WOODBURY, NY 11797

STATE OF NEW YORK: COUNTY OF _____NASSAU_____ : ss:

___BASSAM SHATARA_____, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on _July 08,_____ XX2010 10:27 AM_ , at _1827 GILFORD AVE, NEW HYDE PARK, NY 11040_

deponent served the within _SUM/COMP/INDEX NO&DATE FILED ENDORSED THEREON_____ on

_RAYMOND TOWNSEND_____ defendant therein named.

**INDIVIDUAL**

1 ☐

By Personally delivering to and leaving with said _____a true copy thereof,

and that he knew the person so served to be the person mentioned and described in said _____

☐ Defendant was identified by self admission and by the photograph furnished.

**CORPORATION**

2 ☐

By delivering to and leaving with _____ at _____

_____, NY, and that he knew the person so served to be the managing/authorized agent of the corporation, and said person stated that he was authorized to accept service on behalf of the corporation.

**SUITABLE AGE PERSON**

3 ☒

Service was made in the following manner after your deponent was unable with due diligence to serve the defendant in person:

By delivering a true copy thereof to and leaving with _JOSEPH CARLETTO, BUS. ASSOC._____, a person of suitable age and discretion at _1827 GILFORD AVE, NEW HYDE PARK, NY 11040_
_####################_ , NY, the said premises being the defendants — respondents (dwelling place) (usual place of abode) (place of business) within the State of New York.

**AFFIXING TO DOOR, ETC.**

4 ☐

By affixing a true copy thereof to the door of said premises, the same being the defendant's (dwelling place) (usual place of abode) (place of business) within the State of New York.

SUM/COMP/INDEX NO&DATE FILED
ENDORSED THEREON

**MAILING**
Use with 3 or 4

5 ☒

Deponent completed service under the last two sections by depositing a copy of the _____ in a postpaid, properly addressed plain envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York, on _July 12_____ , XX2010 to the above address

**PREVIOUS ATTEMPTS**
Use with 4

6 ☐

Deponent had previously attempted to serve the above named defendant/respondent.

A DESCRIPTION OF THE DEFENDANT OR OTHER PERSON SERVED ON BEHALF OF THE DEFENDANT OR PERSON SPOKEN TO CONFIRMING NON MILITARY STATUS OF DEFENDANT IS AS FOLLOWS:

Approximate age _51-65_   Approximate weight _161-200_   Approximate height _5'4"-5'8"_   Sex _M_

Color of skin _WHITE_   Color of hair _GRAY_   Other _____

☒ Spoke with _JOSEPH CARLETTO, 7/8/10_____ who confirmed non-military status of defendant.

Deponent asked the person spoken to whether the defendant was presently in the military service of the United States Government or on active duty in the military service in the State of New York and was informed he was not. Your deponent further says that he knew the person so served to be the person mentioned and described in said legal papers as defendant/respondent therein. Your deponent is over the age of 18 years and is not a party to this action.

_____
Sworn to before me this 7/12/10

_BASSAM SHATARA, Lic. # 1128955_

DIANNE JUSTICE
Notary Public, State of New York
No. 01JU5048773
Qualified in Nassau County
Commission Expires August 18, 2013

*Interboro Attorney Service Corporation*

2131 WANTAGH AVE. • P.O. BOX 1200 • WANTAGH, N.Y. 11793 • 516/221-2000

U.S. DISTRICT
————— COURT OF THE STATE OF NEW YORK

COUNTY OF    EASTERN

| | |
|---|---|
| Trans #: | 10709073 |
| File #: | |
| Index #: | CV-3027/10 |
| Filed: | NO    Court Date:    /  / |
| Mortg #: | |

GERALYN GANCI

Petitioner (s)
Plaintiff (s)

— vs —

US LIMOUSINE SERVICE LTD ET AL

Defendant (s)
Respondent (s)

RONALD A LENOWITZ
7600 JERICHO TURNPIKE
SUITE 300
WOODBURY, NY 11797

STATE OF NEW YORK: COUNTY OF    NASSAU    : SS:

BASSAM SHATARA

_____, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A
PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on July 08, _____ XX2010 10:27 AM , at 1827 GILFORD AVE, NEW HYDE PARK, NY 11040

deponent served the within  SUM/COMP/INDEX NO&DATE FILED ENDORSED THEREON    on

RAYMOND TOWNSEND _____ defendant therein named.

**INDIVIDUAL**
**1 ☐**

By Personally delivering to and leaving with said _____ a true copy thereof,

and that he knew the person so served to be the person mentioned and described in said _____

☐ Defendant was identified by self admission and by the photograph furnished.

**CORPORATION**
**2 ☐**

By delivering to and leaving with _____ at _____

_____, NY, and that he knew the person so served to be the managing/authorized agent of the corporation,
and said person stated that he was authorized to accept service on behalf of the corporation.

**SUITABLE
AGE PERSON**
**3 ☒**

*Service was made in the following manner after your deponent was unable with due diligence to serve the defendant in person:*
                                        JOSEPH CARLETTO, BUS. ASSOC.
By delivering a true copy thereof to and leaving with _____, a person of suitable
age and discretion at    1827 GILFORD AVE, NEW HYDE PARK, NY 11040
###################### , NY, the said premises being
the defendants — respondents (dwelling place) (usual place of abode) (place of business) within the State of New York.

**AFFIXING TO
DOOR, ETC.**
**4 ☐**

By affixing a true copy thereof to the door of said premises, the same being the defendant's (dwelling place) (usual place of
abode) (place of business) within the State of New York.    SUM/COMP/INDEX NO&DATE FILED
                                                            ENDORSED THEREON

**MAILING**
Use with 3 or 4
**5 ☒**

Deponent completed service under the last two sections by depositing a copy of the _____
in a postpaid, properly addressed plain envelope marked "Personal and Confidential" in an official depository under the
exclusive care and custody of the United States Post Office in the State of New York, on July 12    XX2010 to the above address

**PREVIOUS ATTEMPTS**
Use with 4
**6 ☐**

Deponent had previously attempted to serve the above named defendant/respondent.

A DESCRIPTION OF THE DEFENDANT OR OTHER PERSON SERVED ON BEHALF OF THE DEFENDANT OR PERSON SPOKEN TO CONFIRMING NON MILITARY
STATUS OF DEFENDANT IS AS FOLLOWS:    51-65          161-200                    5'4"-5'8"        M
Approximate age _____ Approximate weight _____ Approximate height _____ Sex _____
Color of skin   WHITE    Color of hair   GRAY    Other _____
☒ Spoke with    JOSEPH CARLETTO, 7/8/10                who confirmed non-military status of defendant.
Deponent asked the person spoken to whether the defendant was presently in the military service of the United States Govern-
ment or on active duty in the military service in the State of New York and was informed he was not. Your deponent further
says that he knew the person so served to be the person mentioned and described in said legal papers as defendant/respondent
therein. Your deponent is over the age of 18 years and is not a party to this action.

Sworn to before me this    7/12/10        BASSAM SHATARA, Lic. # 1128955

DIANNE JUSTICE
...olic, State of New York
No. 01JU5048773
...alified in Nassau County
...ission Expires Apr...    2133 WANTAGH AVE. • P.O. BOX 1200 • WANTAGH, N.Y. 11793 • 516/221-2000

*Interboro Attorney Service Corporation*