# Exhibit B

Case 1-15-43411-cec    Doc 16-4    Filed 09/18/15    Entered 09/18/15 10:34:56

Case 2:10-cv-03027-JFB-AKT   Document 119   Filed 09/16/14   Page 1 of 5 PageID #: 1915
Case 2:10-cv-03027-JFB-AKT   Document 112-1   Filed 09/12/14   Page 1 of 5 PageID #: 1904

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

GERALYN GANCI,

    Plaintiff,

    – against –

U.S. LIMOUSINE SERVICE, LTD. and
RAYMOND TOWNSEND,

    Defendants.

----------------------------------------X

VERDICT SHEET
10-CV-3027 (JFB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 16 2014 ★
LONG ISLAND OFFICE

## PART I. LIABILITY

**CLAIMS ONE, TWO, AND THREE: HOSTILE WORK ENVIRONMENT CLAIMS AGAINST U.S. LIMOUSINE AND RAYMOND TOWNSEND UNDER TITLE VII AND NEW YORK LAW**

1. Did plaintiff prove, by a preponderance of the evidence, that Raymond Townsend subjected her to offensive acts or statements about sex?

    Yes **X**    No ____

**(If you answered "yes" to Question 1, answer Question 2. If you answered "no" to Question 1, proceed directly to Question 9.)**

2. Did plaintiff prove, by a preponderance of the evidence, that she did not welcome the offensive acts or statements, which means that plaintiff did not directly or indirectly invite or solicit them by her own acts or statements?

    Yes **X**    No ____

**(If you answered "yes" to Question 2, answer Question 3. If you answered "no" to Question 2, proceed directly to Question 9.)**

3. Did plaintiff prove, by a preponderance of the evidence, that the offensive acts or statements were so severe or pervasive that they materially altered the terms and conditions of her employment?

    Yes **X**    No ____

**(If you answered "yes" to Question 3, answer Question 4. If you answered "no" to Question 3, proceed directly to Question 9.)**

COURT EXHIBIT
4

Case 1-15-43411-cec    Doc 16-4    Filed 09/18/15    Entered 09/18/15 10:34:56

Case 2:10-cv-03027-JFB-AKT    Document 119    Filed 09/16/14    Page 2 of 5 PageID #: 1916
Case 2:10-cv-03027-JFB-AKT    Document 112-1    Filed 09/12/14    Page 2 of 5 PageID #: 1905

4. Did plaintiff prove, by a preponderance of the evidence, that a reasonable person–not someone who is overly sensitive–would have found that the offensive acts or statements materially altered the terms and conditions of the person's employment, which means that a reasonable person would have found the working conditions hostile and abusive?

Yes **X**    No ____

**(If you answered "yes" to Question 4, answer Question 5. If you answered "no" to Question 4, proceed directly to Question 9.)**

5. Did plaintiff prove, by a preponderance of the evidence, that she herself believed that the offensive acts or statements materially altered the terms and conditions of her employment, meaning that plaintiff believed that her work environment was hostile or abusive.?

Yes **X**    No ____

**(If you answered "yes" to each of Questions 1 through 5, answer Question 6. If you answered "no" to Question 5, proceed directly to Question 9.)**

6. Did plaintiff prove, by a preponderance of the evidence, that she was terminated because plaintiff rejected Raymond Townsend's sexual advances?

Yes ____    No **X**

**(If you answered "yes" to Question 6, skip Questions 7 and 8, and proceed directly to Question 9)**

7. Did plaintiff prove, by a preponderance of the evidence, that she was constructively discharged?

Yes **X**    No ____

**(Regardless of how you answered Question 7, if you answered "yes" to each of Questions 1 through 5, you must answer Question 8, concerning the liability of U.S. Limousine.)**

8. Did plaintiff prove, by a preponderance of the evidence, that Raymond Townsend was her supervisor at U.S. Limousine, meaning that he was empowered to significantly change plaintiff's employment status, such as hiring, firing, or failing to promote her, or reassigning her with significantly different responsibilities, or causing a significant change in her benefits or hours?

Yes **X**    No ____

**(If you answered "yes" to Question 8, answer Question 8.a. If you answered "no" to Question 8, skip Question 8.a, and answer Question 8.b.)**

Case 1-15-43411-cec    Doc 16-4    Filed 09/18/15    Entered 09/18/15 10:34:56

Case 2:10-cv-03027-JFB-AKT    Document 119    Filed 09/16/14    Page 3 of 5 PageID #: 1917
Case 2:10-cv-03027-JFB-AKT    Document 112-1    Filed 09/12/14    Page 3 of 5 PageID #: 1906

8.a. Did U.S. Limousine prove by a preponderance of the evidence, that (1) it exercised reasonable care to prevent and promptly correct any discriminatory behavior directed against plaintiff; and (2) that plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by U.S. Limousine?

Yes_____    No __X__

(Proceed to Question 9)

8.b. Did plaintiff prove by a preponderance of the evidence that U.S. Limousine provided no reasonable avenue for her complaint, or that U.S. Limousine knew or had reason to know about the harassment and failed to take appropriate remedial measures?

Yes __X__    No_____

(Proceed to Question 9)

**CLAIM FOUR: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

9. Did plaintiff prove, by a preponderance of the evidence, her claim that Raymond Townsend intentionally inflicted emotional distress upon her. ?

Yes_____    No __X__

(If you answered "yes" to each of Questions 1 through 5, or Question 9, you must proceed to Part II, Damages. Otherwise, skip the remaining questions, sign and date the verdict sheet, and inform the Courtroom Deputy that your deliberations are complete and that you have reached a verdict.)

**PART II. DAMAGES**

Compensatory Damages

10. State separately the amount, if any, that you award the plaintiff for compensatory damages up to the date of your verdict (if you decide not to make an award as to this item, insert the word "None"):

a. Mental harm, emotional distress, suffering, inconvenience, loss of enjoyment of life, and other non-monetary losses:

$ 250,000.00

(Only answer Question 10.b if you answered "yes" to Question 6 or 7, concerning termination and constructive discharge.)

b. Lost wages          $ 100,000.00

3

Case 1-15-43411-cec    Doc 16-4    Filed 09/18/15    Entered 09/18/15 10:34:56

Case 2:10-cv-03027-JFB-AKT   Document 119   Filed 09/16/14   Page 4 of 5 PageID #: 1918
Case 2:10-cv-03027-JFB-AKT   Document 112-1   Filed 09/12/14   Page 4 of 5 PageID #: 1907

11. State separately, the amount, if any, that you award the plaintiff for compensatory damages <u>from the date of your verdict to be incurred in the future</u> (if you decide not to make an award as to this item, insert the word "None"):

   a. Mental harm, emotional distress, suffering, inconvenience, loss of enjoyment of life, and other non-monetary losses:

   $ _50,000.00_

   (Only answer Question 11.b if you answered "yes" to Question 6 or 7, concerning termination and constructive discharge.)

   b. Lost wages

   $ _50,000_.00

   (If you awarded no compensatory damages in Questions 10 and 11, answer Question 12. If you awarded any compensatory damages in Questions 10 and 11, skip Question 12 and proceed to Question 13.)

Nominal Damages

12. State the amount you award the plaintiff in nominal damages: $ _None_

(Proceed to Question 13)

Punitive Damages

13. Did plaintiff prove, by a preponderance of the evidence, that Raymond Townsend acted with malicious intent to violate plaintiff's rights, or with reckless disregard of plaintiff's rights, such that punitive damages are warranted against Raymond Townsend?

                    Yes _X_    No ____

(If you answered "yes" to Question 13, answer Question 13.a. If you answered "no" to Question 13, skip the remaining questions, sign and date the verdict sheet, and inform the Courtroom Deputy that your deliberations are complete and that you have reached a verdict.)

   13.a. State the amount of punitive damages that you impose against Raymond Townsend:

   $ _100,000.00_

(If you answered "yes" to Question 13, you must answer Question 14, concerning the liability of U.S. Limousine for punitive damages.)

4

Case 1-15-43411-cec   Doc 16-4   Filed 09/18/15   Entered 09/18/15 10:34:56

Case 2:10-cv-03027-JFB-AKT   Document 119   Filed 09/16/14   Page 5 of 5 PageID #: 1919
Case 2:10-cv-03027-JFB-AKT   Document 112-1   Filed 09/12/14   Page 5 of 5 PageID #: 1908

14. Did plaintiff prove, by a preponderance of the evidence, that Raymond Townsend was a managerial agent of U.S. Limousine?

Yes __X__   No ____

**(If you answered "yes" to Question 14, you must answer Question 14.a. If you answered "no" to Question 14, skip the remaining questions, sign and date the verdict sheet, and inform the Courtroom Deputy that your deliberations are complete and that you have reached a verdict.)**

14.a. Did U.S. Limousine prove, by a preponderance of the evidence, that the company made a good-faith effort to comply with Title VII, and that Townsend was therefore acting in contradiction of company policy and practice?

Yes ____   No __X__

**(If you answered "no" to Question 14.a., you must answer Question 14.b. If you answered "yes" to Question 14.a., then skip Question 14.b.)**

14.b. State the amount of punitive damages, if any, that you impose against U.S. Limousine:

$ __$50,000.00__

Please sign and date the verdict sheet, and inform the Courtroom Deputy that your deliberations are complete and that you have reached a verdict.

_____
Foreperson

Dated: Central Islip, New York

September __16__, 2014